No. 04-665

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 138N

BETH A. THORSEN,

      Plaintiff and Appellant,

  v.

MONTANA DEPARTMENT OF LABOR &
INDUSTRY, MONTANA DEPARTMENT OF COMMERCE,
and ROBERT SIMONEAU, in his official and individual capacities,

      Defendants and Respondents.

APPEAL FROM:    District Court of the Ninth Judicial District,
In and For the County of Pondera, Cause No. DV 2000-60
Honorable Marc G. Buyske, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Shari M. Gianarelli, Gianarelli Law Office, Conrad, Montana

      For Respondents:

          James M. Scheier, Agency Legal Services; James J. Screnar,
Assistant Attorney General, Helena, Montana (for Montana
Department of Commerce)

          Lorraine A. Schneider, Department of Labor & Industry,
Helena, Montana (for Montana Department of Labor &
Industry and Robert Simoneau)

Submitted on Briefs:  May 10, 2005

Decided:  June 7, 2005

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. Its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list published in the Pacific Reporter and Montana Reports.

¶2 Beth A. Thorsen (Thorsen) appeals from the judgment entered by the Ninth Judicial District Court, Pondera County, on the jury verdict in her discrimination claim against the Montana Department of Labor and Industry (DOLI), the Montana Department of Commerce (DOC) and Robert Simoneau (Simoneau). We affirm.

¶3 We restate the issues on appeal as follows:

¶4 1. Did the District Court abuse its discretion in admitting evidence regarding the qualifications of the external applicant who ultimately received the job with the DOC?

¶5 2. Did the District Court abuse its discretion in instructing the jury?

¶6 3. Does substantial credible evidence support the jury's verdict that the DOC did not unlawfully discriminate against Thorsen?

¶7 4. Does substantial credible evidence support the jury's failure to award damages for the DOLI's unlawful retaliation against Thorsen?

¶8 5. Did the District Court err in denying Thorsen's motion for attorney's fees and costs of suit?

BACKGROUND

¶9    In 1997, Thorsen worked for the DOLI as the manager of the job service office located in Shelby, Montana, under Simoneau's supervision. The DOLI underwent a reduction-in-force (RIF) that year which resulted in the elimination of several job service manager positions. Thorsen's manager position in Shelby was combined with the manager position in Cut Bank, Montana. Although Thorsen applied for the combined manager position, another candidate was chosen. Thorsen subsequently filed a racial discrimination claim with the Montana Human Rights Bureau challenging the DOLI's decision not to hire her for the position. Her discrimination claim eventually was dismissed administratively and she did not pursue the claim.

¶10    Following the elimination of her manager position in Shelby, Thorsen registered with the DOLI's RIF registry, which provides state employees subject to layoffs the right to apply for state jobs prior to the position being advertised to the general public. In December of 1998, the RIF registry notified Thorsen that the DOC was accepting applications for a Regional Development Officer. Thorsen applied for the position to the DOC and submitted required supplemental information. The DOC interviewed Thorsen for the position and contacted four people for references regarding her abilities to perform the job, one of whom was Simoneau. The DOC subsequently notified Thorsen she had not been selected because she was not qualified for the position. Thorsen then brought this discrimination action alleging that the DOLI and Simoneau unlawfully retaliated against her by informing the DOC

hiring committee of her prior racial discrimination complaint against the DOLI, and that the DOC refused to hire her because of that information.

¶11 A four-day jury trial was held in February of 2004. The jury determined that the DOLI unlawfully retaliated against Thorsen by informing the DOC hiring committee of her prior racial discrimination claim. The jury further determined, however, that the DOC established a legitimate nondiscriminatory reason for not hiring Thorsen and that Thorsen failed to establish that the DOC's nondiscriminatory reason was pretextual. The jury awarded Thorsen no damages for her claim. In posttrial proceedings, the District Court denied Thorsen's motion for attorney's fees and costs of suit. Thorsen appeals.

## DISCUSSION

¶12 We have determined to decide this case pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record that the appeal is without merit because there was no abuse of judicial discretion, there is clearly sufficient evidence to support the jury's verdict and the issues are clearly controlled by settled Montana law which the District Court correctly interpreted.

¶13 A trial court has broad discretion in determining whether evidence is relevant and admissible and we will not overturn the court's determination absent an abuse of that discretion. *Rice v. Lanning*, 2004 MT 237, ¶ 23, 322 Mont. 487, ¶ 23, 97 P.3d 580, ¶ 23. In reviewing jury instructions, we consider all the instructions as a whole to determine whether they fully inform the jury of the law of the case. We will not overturn a trial court's

4

decisions in instructing a jury unless the court has abused its discretion. *Byers v. Cummings*, 2004 MT 69, ¶ 41, 320 Mont 339, ¶ 41, 87 P.3d 465, ¶ 41. We conclude that Thorsen has failed to establish that the District Court abused its discretion in admitting evidence or that the instructions, as a whole, did not adequately instruct the jury as to the law of the case.

¶14 When a jury's verdict is challenged as not supported by the evidence, the verdict will be overturned only if there is a complete absence of any credible evidence to support the verdict. Where conflicting evidence exists, the credibility and weight of the evidence is within the province of the jury and will not be disturbed unless the jury's findings are inherently impossible to believe. *Papich v. Quality Life Concepts, Inc.*, 2004 MT 116, ¶ 29, 321 Mont. 156, ¶ 29, 91 P.3d 553, ¶ 29. Here, while there may have been evidence supporting Thorsen's theory of the case, there also was evidence supporting the defendants' theory of the case. The jury weighed the evidence and the credibility of the witnesses, and we will not overturn their verdict.

¶15 Thorsen requested an award of attorney's fees pursuant to § 49-2-509(6), MCA, which provides that a district court, in its discretion, may award the prevailing party in a discrimination action reasonable attorney's fees. The District Court concluded that Thorsen was not entitled attorney's fees under the statute because she was not the prevailing party and we agree. Furthermore, pursuant to § 25-10-101(3), MCA, costs of suit are allowed, of course, to a plaintiff in an action for the recovery of money or damages when the plaintiff recovers over $50. Here, the jury did not award Thorsen any damages and, therefore, she

5

is not entitled to recover costs under the statute. We conclude that the District Court did not err in denying Thorsen's motion for attorney's fees and costs.

¶16    Affirmed.


                                              /S/ KARLA M. GRAY


We concur:

/S/ JIM RICE
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA O. COTTER
/S/ BRIAN MORRIS